The Honorable Ted E. Mullenix State Representative 200 Rolling Acres Road Pearcy, AR 71964
Dear Representative Mullenix:
This is in response to your request for an opinion regarding redistricting in the City of Hot Springs, Arkansas. Your first question is as follows:
 Specifically, since Hot Springs is considered a city of the first class pursuant to Ark. Code Ann. § 14-37-103(a) (1) and § 14-37-104(a), should the Hot Springs city council[1] redistrict the city or should the Garland Board of Election Commissioners redistrict Hot Springs?
You have also asked for a detailing of those cities in Arkansas, if any, that are subject to A.C.A. § 14-42-202(c)(1)(A), and whether it makes a difference under this subsection depending on the form of city government (i.e., city manager or mayor/city council) utilized by the city. Your final question is whether there is a requirement that cities in Arkansas be redistricted, and if so, when.
It must be initially noted, in responding to these inquiries, that the continued effectiveness of A.C.A. § 14-42-202 (Supp. 1989) may be questioned, following the Arkansas Supreme Court's decision in Owen v. Dalton, 296 Ark. 351, 368, 757 S.W.2d 921
(1988). We are unable to conclusively state, in light of that opinion, which cities may still be subject to §14-42-202(c)(1)(A) (Supp. 1989).[2] In any event, however, with regard to your threshold question, it is clear in my opinion that the Garland County Board of Election Commissioners has the duty to divide the territory of the city into districts or wards of substantially equal population according to the most recent federal census.[3] Section 14-43-311(a)(1)(A), to which you refer as potentially conflicting with § 14-42-202(c)(1)(A) (Supp. 1989), is inapplicable in this instance because it only applies to cities with the mayor/city council, also referred to as the aldermanic, form of government.
With regard to whether the form of government makes a difference under § 14-42-202(c)(1)(A), the answer is "yes." While §14-42-202 (Supp. 1989) on its face appears to leave open the possibility of its applicability to cities with the mayor/city council form of government, the exceptions set out therein and other statutes addressed specifically to the election of aldermen lead to the conclusion that it in effect only applies to the city manager form of government. See A.C.A. §§ 14-43-307 and14-44-103; see also Owen v. Dalton, 296 Ark. at 368 (Hays, S., dissenting); Acts 1987, No. 840, 3.
In response to your final question concerning a requirement that cities be redistricted, Section 14-42-202(c)(2) (Supp. 1989) states:
 Following each Federal Decennial Census of population, and following any special census of population within a particular city, if there has been a substantial change in the population of the districts from the preceding federal census, the board shall reapportion the districts in each city in the manner and procedure as provided in this subsection from which the members of the governing board are to be elected.
A virtually identical provision is found in the City Manager Enabling Act of 1989. A.C.A. § 14-61-109 (4) (Supp. 1989). There is also a general requirement that the territory of cities covered by these provisions be divided into wards having substantially equal population, according to the most recent federal census. A.C.A. §§ 14-42-202(c)(1)(A) (Supp. 1989) and14-61-109(1) (Supp. 1989)[4] Although these provisions set no precise deadline, it may reasonably be concluded that the redistricting must be accomplished in advance of the election at which members of the governing board are to be selected.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:arb
[1] I assume that by referencing the "city council," you mean the board of directors of the City of Hot Springs which is organized under the manager form of government.
[2] The court in Owen v. Dalton held that "Act 808 of 1977, as amended by Act 840 of 1987, violates Amendment 14 [to the Arkansas Constitution] and is therefore unconstitutional."296 Ark. at 357. Although the court apparently focused its review primarily upon the amendment contained in Act 840 of 1987, which made the applicability of § 14-42-202 optional for cities over 30,000, the decision also reflects the majority's view that the other classifications are also arbitrary. 296 Ark. at 353, 356, and 365 (Glaze, T., concurring). The dissenting opinions, however, reflect a view that the court rejected the classifications contained in the 1987 amendment. It is therefore unclear whether the court rejected § 14-42-202 as a whole, or whether some provisions remain intact. There appears to be no question, in any event, that if squarely faced with the issue, the court would strike down the other classifications.
[3] The City Manager Enabling Act of 1989 (A.C.A. § 14-61-101et seq. (Supp. 1989)) also imposes this duty, in the event it is determined that § 14-42-202(c)(1)(A) is no longer effective.See A.C.A. § 14-61-109 (Supp. 1989).
[4] With regard to redistricting in cities with the mayor/city council form of government, see A.C.A. §§ 14-43-311 and14-44-103.